# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8074 | **DATE** | January 5, 2011 |
| **CASE TITLE** | Antonio L. Smith (#2008-0062205) vs. John Doe, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $7.83 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. Plaintiff is ordered to show good cause in writing why the complaint should not be dismissed on preliminary review pursuant to 28 U.S.C. § 1915A as time-barred. Failure to show cause within twenty-eight days of the date of this order will result in summary dismissal of this case.

■ **[For further details see text below.]**                                                                **Docketing to mail notices.**

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was held eleven days past his mandatory release date for an ostensible parole violation in connection with a prior incarceration.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $7.83. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the complaint appears to be time-barred.

In Illinois, the statute of limitations for Section 1983 actions is two years. See*, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, at *1, n.1 (N.D. Ill. Aug. 30, 2010). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

In this case, the complaint reveals that Plaintiff is suing over a matter that took place in July 2008, some two and a half years ago. Yet, he waited until December 2010 to bring suit. Consequently, the statute of limitations appears to have extinguished any federal cause of action. And if that is so, it would therefore be futile to amend the complaint to name the individuals responsible for the alleged constitutional violations, for FED. R. CIV. P. 15(c) does not permit a plaintiff to replace John Doe defendants with named defendants after the statute of limitations has expired. See *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); see also *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

For the foregoing reasons, Plaintiff is ordered to show good cause in writing why the complaint should not be dismissed on preliminary review as time-barred pursuant to 28 U.S.C. § 1915A. Failure to show cause within twenty-eight days of the date of this order will result in summary dismissal of this case. Plaintiff's motion for appointment of counsel [4] is held in abeyance pending the resolution of the show cause order.

Finally, Plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed.