# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8074 | **DATE** | February 14, 2011 |
| **CASE TITLE** | Antonio L. Smith (#2008-0062205) vs. John Doe, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's "motion for cause" [#6] is respectfully denied. The complaint is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A as time-barred. The case is terminated. Plaintiff's motion for appointment of counsel [#4] is denied as moot. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was held eleven days past his mandatory release date in connection with a prior incarceration.

By Minute Order of January 5, 2011, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*, but ordered him to show good cause in writing why the complaint should not be summarily dismissed on preliminary review as time-barred. Having considered Plaintiff's response, the Court remains satisfied that the complaint must be dismissed as untimely.

As discussed in the Court's prior order, the statute of limitations for Section 1983 actions in Illinois is two years. See, *e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, 2010 WL 3526379, at *1 n.1 (N.D. Ill. Aug. 30, 2010). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

In the case at bar, Plaintiff is suing over a matter that took place in July 2008, some two and a half years ago, yet he waited until December 2010 to bring suit. Plaintiff attempts to explain that ignorance of the law and obstacles imposed by his incarceration prevented him from filing suit sooner, but the Seventh Circuit repeatedly has held that such considerations are not sufficiently extraordinary to warrant equitable tolling. See, *e.g., Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004); *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004) (all cases declining to apply equitable tolling in the habeas context). Consequently, the statute of limitations has extinguished any federal cause of action, and it would be futile to amend the complaint to name the individuals responsible for the alleged constitutional violations. FED. R. CIV. P. 15(c) does not permit a plaintiff to replace John Doe defendants with named defendants after the statute of limitations has expired. See *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); see also *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

For the foregoing reasons, the complaint is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A as time-barred and Plaintiff is assessed a "strike" under 28 U.S.C. § 1915(g). The case is terminated. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may accumulate another "strike."